AMERICAN TRUST & SAVINGS BANK *v.* PERKINS.

[67 South. 481.]

1. ALTERATION OF INSTRUMENTS. *Notes. Question for jury. Bills and notes. Right of action. Indorsee.*
   In a suit on a promissory note showing an apparent material alteration on its face, the court should have permitted the note, together with evidence regarding its alteration, to go to the jury, so that, as judges of the facts, they could determine from the apppearance of the instrument itself, considered with, and in the light of, the testimony, whether the alterations were such as to invalidate it.

2. SAME.
   In such case the court should have submitted to the jury the question whether appellant had assented to the alteration or ratified the changes made in the instrument.

3. BILLS AND NOTES. *Right of action. Indorsee.*
   The indorsee of a promissory note by regular indorsement can maintain an action thereon in his own name, where there is nothing to show that he was not a *bona fide* holder for value.

APPEAL from the circuit court of Holmes county.
HON. MONROE McCLURG, Judge.

Suit by the American Trust & Savings Bank against E. H. Perkins. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Noel, Boothe & Pepper,* for appellant.

The record in the case shows that there was no sworn denial of the execution of the note sued on in the justice court, nor in the circuit court, nor did appellee, defendant below, appear and testify that the note had been altered, but the record clearly shows from beginning to end that appellee, instead of claiming the same

had been anywise altered after execution, stated to witness Pepper that he had signed the note and in acknowledging the letter from witness on page 19 of the record in his reply thereto on page 20 of the record when first installment was paid by appellee, and the first intimation that any alteration in the note appeared, was when his attorney, H. H. Elmore, as shown by page 11 of the record states to the court: "We object to the introduction of the note because it shows an alteration on its face," neither the court nor attorney for appellant nor the jury were informed wherein the note shows an alteration on its face after execution. Appellant, after careful examination of the note shown appellee, which appears in its original form on page 3 of the record, and the original note which appears on page 4 of the record in its original form, the note on page 3 being an exact copy in every particular of note executed by appellee as shown by page 4 of the record, and appellee having admitted the execution of the note as shown him by witness, the court excluded said original note which appears on page 4 of the record when offered in evidence by appellant, plaintiff below, in the face of direct and positive evidence that the copy of the note sued on and the original note offered in evidence were identical in every particular, and that appellee, defendant below, had admitted both verbally and by letter that he had executed the note and owed it, and actually paid fifty dollars thereon after the same was presented to him.

Your appellant therefore states with great confidence that the court below erred in refusing to admit said original note in evidence and excluding from the consideration of the jury said note and the evidence of A. M. Pepper, direct and cross-examination, and the exhibits to the testimony of A. M. Pepper.

Your appellant further contends that the court erred in refusing to grant the peremptory instruction asked for by plaintiff.

And your appellant further contends that the court below erred in granting peremptory instruction asked by appellee, defendant below, as there is not a single word of evidence in this record which in any view of the case would authorize the court below to grant such an instruction for appellee.

And in conclusion your appellant contends that when the evidence in this case closed as shown by the record, the court should have granted the peremptory instruction asked for by the plaintiff, appellant here, and your appellant now prays the court to reverse this case and enter final judgment in favor of appellant for the full amount of said note sued on and interest less the fifty dollars paid thereon as shown and credited on said original note introduced in evidence, and copy thereof sued on, for the several errors complained of by appellant in this cause are so manifest on the part of the court below that reference to legal authorities, including statutes of our state and decisions of this court, are to our mind unnecessary and out of place.

*Elmore & Ruff,* for appellee.

Two reasons may be urged in support of the correctness of the judgment appealed from: 1. The note sued on showed a material alteration, apparent on its face, which was unexplained. 2. The note is not shown to have been the property of the plaintiff.

The original note offered in evidence is in the record. An inspection of the same will disclose the apparent alteration. It seems to be uniformly held that an alteration in extension of the date of maturity is material.

"The alteration of the date, whether it hasten or delay the time of payment, has been uniformly held to be material. To prevent and punish such tampering the law does not permit the plaintiff to fall back upon the contract as it was originally. In pursuance of a

stern but wise policy, it annuls the instrument as to the party sought to be wronged." *Wood* v. *Steele,* 6 Wall. (U. S.) 82.

To the general presumption of fairness against the imputation of fraud, "negotiable paper seems to form an exception and if the instrument appear on its face to have been altered, it is for the holder to prove and not for the defendant to disprove, that it was altered under circumstances which will make it still available." *Banks* v. *Lum,* 7 How. (Miss.) 414.

In a suit upon a promissory note which appears upon its face to have been materially altered, the burden is on the plaintiff to show that the alteration was innocently made and proof of defendant's signature alone does not make out his case. *Withers* v. *Hart,* 96 Miss. 453.

It was very early held in this state that a defendant might take advantage of an alteration in the instrument sued on without denying his signature to the instrument. And the holding has never been modified so far as we can learn. *Henderson* v. *Wilson,* 6 How. (Miss.) 65.

We contend therefore that the objection which we made to the introduction in evidence of the original note cast the burden on the plaintiff to show that the alteration was innocently made.

We contend further that the peremptory instruction was correct because the plaintiff was not shown by the preponderance of the evidence to be the owner of the note.

In this connection we direct the attention of the court to the statement of the defendant made to the witness that the jewelry drummer stated that he would not sell to anybody else in Durant when he sold the goods to the defendant but that this jewelry drummer sold goods to Mr. VanKeuren in Durant, tending somewhat at least to show fraud in the very inception of the transaction. The note was payable to bearer. In a little more than thirty days a purported transfer was made

to the American Trust & Savings Bank, the plaintiff. No letter of advice accompanying the claim among the many letters introduced was introduced, although the letter transmitting the original note was insistently called for. In addition to this it is admitted that all of the correspondence was had by the attorney for plaintiff with the Barton-Parker Manufacturing Company. The witness states that he never received any letter at all from the American Trust & Savings Bank. In the whole transaction no mention is made of the American Trust & Savings Bank owning the claim until attorneys for plaintiff decided that suit would be necessary.

In a claim of this kind and prior to the decision of the case of *Vaiden Bank* v. *Winona Bank,* 64 So. 210, the opinion generally prevailed that a note payable to bearer in the hands of a third party was entitled to that peculiar degree of sanctity ''which exempts it from the burden imposed upon the holders of other kinds of property when facts are given in evidence showing that the holder of the property obtained it from a party who fraudulently came into possession thereof.''

Reed, J., delivered the opinion of the court.

This is an action on a note. It originated in a justice of the peace court. It was begun by filing the note. There was no declaration nor plea. From a judgment by the justice of the peace in favor of the plaintiff, an appeal was taken to the circuit court. Upon the trial of the case in the circuit court the original note was introduced in evidence, whereupon defendant objected to its introduction because an alteration was shown on its face. The original note and a copy thereof were sent up with the record, and are now before us. The note is upon a printed form. It is dated at Cedar Rapids, Iowa, March 1, 1910 and is a promise, for value re-

ceived to pay to the Barton-Parker Manufacturing Company, or bearer, the sum of two hundred and forty dollars, at Cedar Rapids, in five installments. The installments are each forty-eight dollars in amount, and the printed form shows them as payable in two, four, six, eight, and ten months after date. The alteration of the note was made by writing in indelible pencil the figures "4," "6," "8," "10," and "12" over the printed words "two," "four," "six," "eight," and "ten," respectively. The blanks left in the printed form to be filled were places for date, for post office address and for signature. These blanks were filled by writing in indelible pencil. So it appears from the face of the note that all writing thereon was made in indelible pencil. In the copy of the note all the words and figures are in ink. The note contains the following indorsement written on the back thereof: "Pay to the order of American Trust & Sav. Bank; Barton-Parker Mfg. Co."—which was signed by the treasurer and general manager, and dated April 4, 1910. When objection was made to the introduction of the note because an alteration was shown on its face, the court reserved its ruling. Thereupon one of the attorneys for the plaintiff testified that he first demanded payment of the note from appellee by telephone conversation, and that appellee did not refuse payment, but promised to confer with his business associate and then make reply. The attorney further testified that he called in person upon appellee for the purpose of collecting the note. He presented a copy of it to appellee, who raised no objection to the amount or to the times of its payment, but only complained that the traveling salesman, who sold him the goods for which the note was given, promised not to sell the same kind of goods to any other person in Durant, where appellee was in business, and that the salesman, in violation of this promise, sold to another party. Appellee then

admitted that he had accepted the goods, and said he realized that under the contract he was liable for them, but wished to be allowed to pay the amount in installments. The attorney then agreed with him that the settlement should be in installments of fifty dollars, payable every two months. Appellee after this made a payment of fifty dollars which was duly credited upon the note. In a letter written by the attorneys for appellant on January 23, 1911, to appellee, requesting payment of the note and stating that they were instructed to file suit unless they heard from him by return mail, the note was described, and the times for making the installment payments were given as they appeared in the note after the writing of the figures in indelible pencil over the printed words giving the number of the months. On the next day appellee wrote to the attorneys, making the remittance of fifty dollars, reciting the agreement by the salesman not to sell to another party in the town, and stating that he was willing to settle without suit, and would make further payments of fifty dollars every thirty or sixty days. It is not shown that the alleged alterations, whereby the times of payment of the installments were delayed were in any manner harmful to appellee. At the conclusion of the testimony of the attorney for appellant, in which his correspondence with appellee was introduced, the court instructed the jury to find for the defendant.

Appellee contends that the action of the court below in granting a peremptory instruction for appellee is correct, because (1) "the note sued on showed a material alteration, apparent on its face, which was unexplained;" and (2) "the note is not shown to have been the property of the plaintiff." The execution of the note was not denied by appellee. He only claimed that the note should not be admitted in evidence because there were material alterations apparent on its face

which had not been explained. It will be seen that the court did not rule upon the objection when it was made. Thereupon appellant made an explanation of the apparent alterations by the testimony given by its attorney. The evidence shows that appellee was informed of the amount of the note, and the dates when the installment payments were to be made. This information was given by appellant's attorney when he personally presented to appellee a copy of the note, and again when he wrote appellee, describing the note and stating fully that the installment payments were to be made at certain times, being the times shown on the note after the apparent alterations had been entered thereon. The court should have permitted the note, together with evidence regarding its alteration, to go to the jury so that, as judges of the facts, they could determine from the appearance of the instrument itself, considered with, and in the light of, the testimony, whether the alterations were such as to invalidate it. The court should have submitted to the jury the question whether appellant had assented to the alterations or ratified the changes made in the instrument.

We see no force in the contention of counsel that "the note is not shown to have been the property of plaintiff." The note appears to have been regularly assigned by indorsement, and appellant appears to be the indorsee on the instrument. As such it could maintain such action thereon in its own name as could have been maintained by the original payee. The transfer by indorsement was in the usual and ordinary way. There is nothing to show that appellant was not a *bona fide* holder for value. On the other hand, we find in the correspondence between appellant's attorneys and appellee information given that appellee held the note. This is stated in three different letters. We quote from a letter written to appellee by appellant's attorneys on March 27, 1911:

"In reference to the note given to Barton-Parker Mfg. Co., now held by the American Trust & Savings Bank of Cedar Rapids, Ia., on which you have paid fifty dollars, total amount due two hundred and forty dollars, divided into five payments of forty eight dollars each, all of which are now due. . . . "·

Appellee did not in any manner deny this claim, neither in answers to the letters nor in any other way.

The trial court erred in granting the peremptory instruction in favor of the appellee, and the case is therefore reversed and remanded.

*Reversed and remanded.*

Smith, C. J., not having been present at the conference, expresses no opinion.